UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------X
LEONARD ORTIZ,

                                Plaintiff,

              -against-

THE CITY OF NEW YORK,
PARKCHESTER NORTH CONDOMINIUM,
UNIFORMED SPECIAL PATROLMAN OF PARKCHESTER NORTH
CONDOMINIUMS ELEANORA SULLIVAN SHIELD NO. 782, and
UNIFORMED SPECIAL PATROLMAN OF PARKCHESTER NORTH
CONDOMINIUMS JAMES FRYE,

                                Defendants.
-------------------------------------------------------------------------------------------X

**16 CV 9646 (VSB)**

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, LEONARD ORTIZ, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief, and at all relevant times hereinafter mentioned:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a

substantial part of the events giving rise to the claim occurred in New York County, in the State of New York.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, LENOARD ORTIZ, is, currently a resident of the County of Bronx, City and State of New York.

7. At all relevant times hereinafter mentioned, the Defendant Parkchester North Condominium ("PNC") was an unregistered, unincorporated business association doing business in the State of New York, with its principal places of business at 2000 Tremont Avenue, Bronx, NY 10462, and 1970 East Tremont Avenue, Bronx, New York, 10462, and operating the location at 1594 Unionport Road, County of Bronx, City and State of New York.

8. At all relevant times hereinafter mentioned, Defendant PNC owned, operated, maintained, controlled, and employed an organization of "special patrolmen," referred to herein as the Parkchester Department of Public Safety ("PDPS").

9. At all relevant times hereinafter mentioned, PDPS was owned, operated, maintained, and controlled by Defendant PNC.

10. PDPS was and is an organization of "special patrolmen" within the meaning of N.Y.C. Admin. Code. § 14-106, appointed by the New York City Police Commissioner and licensed by the City of New York, and authorized as New York State Peace Officers (hereinafter "Special Patrolmen"), who are employed to maintain the safety and security of residents and visitors in the privately owned residential community known as "Parkchester" in the County

2

of Bronx, City and State of New York.

11. At all relevant times herein, PDPS was managed, supervised, and controlled, by Parkchester North Condominium.

12. At all relevant times herein, PNC managed, supervised, contracted, employed, and controlled the PDPS and its officers for the provision of security services for its private residential community and buildings.

13. Upon information and belief, PNC is liable for the actions of the Parkchester Officer Defendants because of their respective acts, omissions, and corporate responsibilities.

14. Upon information and belief, PNC hires, trains, and employs a staff of Special Patrolmen organized under the PDPS ("PDPS Special Patrolmen"), licensed as New York City Special Patrol Officers, and authorized as New York State Peace Officers, to maintain the safety of its residents and visitors, including maintaining the PDPS.  At all times relevant hereto, PNC was responsible for the policies, practice, supervision, implementation, and conduct of all PDPS Special Patrolmen and was responsible for the appointment, training, supervision, and conduct of all PDPS Special Patrolmen.  In addition, at all relevant times, PNC was responsible for ensuring that PDPS Special Patrolmen, obey the laws of the United States and of the State of New York.

15. At all times relevant hereto, Uniformed Special Patrolman of Parkchester North Condominiums Eleanora Sullivan, Shield No. 782, and Uniformed Special Patrolman of Parkchester North Condominiums James Frye (collectively the "individual Defendants"), were Special Patrolman of the PDPS, licensed by the City of New York and imbued with special patrolmen and police powers, and were on duty and working in their official capacities as Special Patrolmen with the PDPS and PNC.  The individual Defendants are

sued herein in their official and individual capacities.

16. At all relevant times hereinafter mentioned, Defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the PNC and the Individual Defendants.

17. The PNC knew or should have known that the individual Defendants were prone to violence, were likely to engage in the use of unjustified physical force, were likely to make arrests without probable cause, and lacked proper training to carry out the duties to which they were assigned or activities in which they operated without adequate supervision pursuant to the authority conferred by the PNC.

18. The Defendant City of New York knew or should have known that the individual Defendants were prone to violence, were likely to engage in the use of unjustified physical force, were likely to make arrests without probable cause, and lacked proper training to carry out the duties to which they were assigned or activities in which they operated without adequate supervision pursuant to the authority conferred by the Defendant City of New York.

19. At all times relevant herein, Uniformed Special Patrolman of Parkchester North Condominiums Eleanora Sullivan, Shield No. 782, and Uniformed Special Patrolman of Parkchester North Condominiums James Frye (the "individual Defendants"), either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York and the PNC.

20. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment by PNC and the Defendant City of New York.

4

21. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by the PNC and the Defendant City of New York.

**FACTS**

22. On December 28, 2013, at approximately 6:00 p.m., Plaintiff LEONARD ORTIZ, was lawfully present inside of the premises located at 1594 Unionport Road, inside of the Parkchester North Condominium complex, County of the Bronx, City and State of New York.

23. The individual Defendants Eleanora Sullivan and James Frye were also present at this location.

24. The individual Defendants were on duty and in uniform.

25. Without any legal justification or excuse, the individual Defendants approached the Plaintiff.

26. Plaintiff was not engaged in any illegal or suspicious activity.

27. Nonetheless, the Defendants searched the Plaintiff without any legal basis.

28. The search revealed no evidence of any guns, drugs, or contraband.

29. Despite the absence of any evidence of wrongdoing on the part of Plaintiff, the individual Defendants assaulted Plaintiff by, in part, applying excessively tight handcuffs to his wrists, slamming him to the ground, and macing him.

30. The Plaintiff was not engaged in any violent or threatening behavior.

31. Despite the absence of any evidence of wrongdoing on the part of Plaintiff, the individual Defendants formally arrested him.

32. Plaintiff was then taken to the emergency room of a local area hospital to receive medical treatment for the injuries he sustained at the hands of the Defendants.

33. At the hospital, Plaintiff remained in the custody of the individual Defendants.

34. Plaintiff was then taken to the station house of a local area precinct where he was held for several hours and searched.

35. The search revealed no evidence of any guns, drugs, or contraband.

36. Plaintiff was eventually transferred to Bronx County Central Booking where he was held for several more hours.

37. Plaintiff was eventually arraigned on a criminal complaint made on the basis of false allegations supplied by Defendant Sullivan.

38. Pursuant to these false statements, false information, and fabricated evidence, Plaintiff was charged with menacing, resisting arrest, and harassment.

39. These charges were made on the basis of false allegations sworn to by Defendant Sullivan.

40. Defendants provided these false statements to the Bronx County District Attorney's Office knowing that there was no basis to support these allegations.

41. These and other allegations, information, and evidence, were false and the Defendants knew them to be false when he made them.

42. At Plaintiff's arraignment, he was released and given a future court date to return to court on the false allegations and criminal charges made by Defendant Sullivan.

43. Pursuant to the false allegations and charges made by Defendant Sullivan, Plaintiff was forced to make several court appearances before the charges against him were finally dismissed.

44. The decision to arrest Plaintiff was objectively unreasonable under the circumstances.

45. At no time did there exist sufficient cause to seize or arrest Plaintiff, nor could the Defendants have reasonably believed that such cause existed.

46. The factual allegations and testimony sworn to by both of the individual Defendants were

6

materially false and deliberately made to justify the illegal arrest of Plaintiff.

47. At no time did Defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiff.

48. The individual Defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the Defendants who engaged in the misconduct described herein as required.

49. That at all times relevant herein, the Defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the interests of PNC and the Defendant City of New York, without legal justification or excuse.

**FIRST CAUSE OF ACTION
DEPRIVATION OF RIGHTS
UNDER THE UNITED STATES CONSTITUTION
PURSUANT TO 42 U.S.C. § 1983
(Against the Individual Defendants Sullivan and Frye)**

50. Plaintiff LEONARD ORTIZ repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

52. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

53. Defendants did not make a complete and full statement of facts to the District Attorney.

54. Defendants withheld exculpatory evidence from the District Attorney.

55. Defendants were directly and actively involved in the initiation of criminal proceedings

against Plaintiff.

56. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

57. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

58. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

59. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

60. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

61. Notwithstanding the perjurious and fraudulent conduct of Defendants, the criminal proceedings were terminated in Plaintiff's favor when the charges against him were dismissed.

62. The Defendants lacked any cause or legal justification to use any level of force against the Plaintiff, much less the force that was actually used.

63. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to false arrest and imprisonment, malicious prosecution, malicious use and abuse of process, unlawful searches of person and property, fabrication of evidence, denial of fair trial,  denial of due process, and excessive force, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

64. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983
## VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS
## (Against PNC)

65. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

66. PNC, collectively and individually, while acting under color of state law, engaged in a policy, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned policies, practices, and actions of PNC include, but are not limited to, the following:

   a. Exhibiting a deliberate indifference to the aggressive and violent actions or propensities of the PDSP Special Patrolmen hired, contracted, employed, and supervised;

   b. Ineffectively training employees in identifying what constitutes the Constitutionally permissible bounds of the authority conferred unto them as Special Patrolmen;

   c. Systematically creating an environment where employees fail to use due diligence when exercising the authority conferred unto them as Special Patrolmen;

   d. Exhibiting a deliberate indifference to verifying whether or not a seizure, stop, arrest, or use of force was/is Constitutionally permissible;

   e. Providing ineffective oversight and supervision of the activities and arrests effectuated by or at the behest of PDSP Special Patrolmen; and

   f. Failing to institute remedial measures or other disincentives for PDSP Special Patrolmen who violate Constitutional rights.

9

68. The existence of aforesaid unconstitutional customs and policies may be inferred from

repeated occurrences of similar wrongful conduct, as documented - in part - below:

    **a. Date Unknown / <u>Birts v. The Parkchester North Condominiums, et al.,</u> 008113/1999 (Bronx Civil Supreme), 00 CV 3124 (KMV) (S.D.N.Y.)(removed and remanded)**
Assault allegations against PNC and PDSP Special Patrolmen.

    **b. August 30, 1998 / <u>Payne, Payne v. Parkchester North Condominiums, et al.,</u> 00 CV 4253 (HBP) (S.D.N.Y.)**
Cardell Payne was assaulted by PDSP Special Patrolmen, who beat him with fists and clubs and pepper sprayed him causing him to be rendered unconscious, before he was falsely arrested and maliciously prosecuted for disorderly conduct and resisting arrest.

    **c. January 7, 1999 / <u>Parrish, Watson v. Parkchester South Condominium, Inc., et al.,</u> 023805/1999 (Bronx Civil Supreme)**
False arrest, false imprisonment, excessive force, and malicious prosecution allegations against PDSP Special Patrolmen pursuant to 42 U.S.C. § 1983.

    **d. April 20, 2004 / <u>Berry v. Parkchester South Condominium, Inc., et al.,</u> 006615/2005 (Bronx Civil Supreme)**
PDSP Special Patrolmen subjected Mr. Berry to excessive force and false arrest, before forwarding false information to the District Attorney's Office.

    **e. Date Unknown / <u>Joseph Lewis Sr. v. Parkchester South Condominium, Inc., et al.,</u> 023606/2006 (Bronx Civil Supreme)**
Allegations against PNC and PDSP Special Patrolmen pursuant to 42 U.S.C. § 1983.

    **f. June 23, 2006 / <u>Sherrllis, et al. v. Parkchester South Condominium, Inc., et al.,</u> 310577/2008 (Bronx Civil Supreme)**
Alleging severe and permanent injury after Plaintiff was assaulted, falsely arrested, and strip searched by PDSP Special Patrolmen and officers of the NYPD, who thereafter forwarded false information to the District Attorney's Office resulting in a lengthy false imprisonment and parole violation charge.

**g. June 23, 2006 / <u>Moye v. Parkchester South Condominium, Inc., et al.</u>, 016367/2007 (Bronx Civil Supreme)**
Ms. Moye was subjected to excessive force and police brutality by PDSP Special Patrolmen.

**h. November 2, 2007 / <u>Brown, Hodge v. The City of New York, et al.</u>, 09 CV 7455 (RMB)(RLE)(S.D.N.Y.)**
Plaintiffs, with no prior or subsequent criminal record, were falsely arrested by PDSP Special Patrolmen for trespass inside an apartment building to which they had been invited by a resident. The PDSP Special Patrolmen utilized excessive force against Plaintiffs.

**i. Date Unknown / <u>Dennis v. The City of New York, et al.</u>, 10 CV 1783 (LAP)(S.D.N.Y.)**
Allegations against the PNC and PDSP Special Patrolmen.

**j. July 14, 2011 / <u>Vasquez v. S.P.O. Mestre, et al.</u>, 12 CV 2047 (JGK)(S.D.N.Y.)**
A man with cerebral palsy, who had never been arrested before, left an apartment at 1541 Metropolitan Avenue in the Parkchester neighborhood when PDSP Special Patrolmen and officers of the NYPD demanded his identification, and then arrested him for trespass without probable cause. False information was forwarded to the District Attorney's Office, but the charges against Mr. Vasquez were eventually dismissed.

**k. October 14, 2012 / <u>Ruiz v. Parkchester South Condominium, Inc., et al.</u>, 13 CV 7214 (NRB)(S.D.N.Y.)**
A twenty-two year old resident of the neighborhood was stopped on the street by PDSP Special Patrolmen, who demanded identification and then without provocation forced him to the ground. Mr. Ruiz was handcuffed with excessive force, placed in a police vehicle, and the PDSP Special Patrolmen continued to utilize excessive force against him - including pepper spraying Mr. Ruiz while he sat handcuffed in the back seat of the vehicle, before closing the door. They refused to allow his mother to give him an inhaler. After falsely imprisoning Mr. Ruiz and pursuing false charges through trial, all charges were dismissed by the court.

**l. April 10, 2014 / <u>Simon, et al. v. The City of New York, et al.</u>, 14 CV 8391 (JMF)(S.D.N.Y.)**
Five individuals walking down a street in the Parkchester neighborhood were unlawfully stopped, searched, dragged, assaulted, falsely arrested, and falsely imprisoned, without probable cause by joint action of the PDSP Special Patrolmen and officers of the NYPD. The District Attorney declined to prosecute any of Plaintiffs in addition to at least five individuals falsely arrested in similarly fashion at the same time, date, and location.

11

    **m. October 30, 2014 / <u>Francis v. Parkchester DPS LLC, et al.</u>, 15 CV 7997 (VSB) (AJP)**
Plaintiff falsely arrested and subjected to excessive force without any probable cause or legal justification.

    **n. Date Unknown / <u>Portorreal, et al. v. Parkchester South Condominium, Inc., et al.</u>, 301310/2015 (Bronx Civil Supreme)**
Alleging individual Defendant officer Michael Bushrod of PDSP - also a Defendant in Mr. Francis' case - falsely arrested and assaulted Plaintiffs as captured on video.

69. At all times material to this complaint, PNC, acting through their employees and agents, and through the individual Defendants had *de facto* policies, practices, customs and usages, including acting in conspiracy and conjunction with employees and agents of Defendant City concerning the aforementioned unconstitutional policies, practices, customs, and usages, which were a direct and proximate cause of the unconstitutional conduct alleged herein.

70. At all times material to this complaint, PNC, acting through their employees and agents (including their officers, mangers and security personnel), and through the individual Defendants, had *de facto* policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline its employees and agents, and of failing to inform the individual Defendants' supervisors, of their need to train, screen, supervise, or discipline said employees and agents. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

71. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**THIRD CAUSE OF ACTION**
**NEGLIGENCE**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
**(Against PNC)**

72. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73. Defendants owed a duty of care to Plaintiff to prevent the physical, mental, and economic damages sustained by Plaintiff.  Under the same of similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

74. Defendants jointly and severally, negligently caused injury, pain and suffering, emotional distress, and damage to Plaintiff.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and constitution of the State of New York.

75. PNC negligently hired, screened, retained, supervised, and trained the individual Defendants.

76. Upon information and belief, PNC knew or should have known through the exercise of reasonable diligence that PDPS Special Patrolmen were dangerous.

77. The acts and conduct of PNC were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and constitution of the State of New York.

13

**FOURTH CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983**
**(Against the Defendant City of New York)**

78. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79. The individual Defendants' acts and omissions described above were carried out pursuant to the City's overlapping customs and practices which were in existence on December 28, 2013 and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the City and its agency, the NYPD.

80. The acts complained of were carried out by the individual Defendants in their capacities as police officials and Special Patrolmen (within the meaning of N.Y.C. Admin. Code§ 14-106, appointed by the New York City Police Commissioner and licensed by the City of New York), pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

81. At all times material to this complaint, Defendant City, acting through its police department, and through the individual Defendants, had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

82. At all times material to this complaint, Defendant City, acting through its police department, and through the individual Defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees/police officers/Special Patrolmen, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants.

14

83. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

84. The aforementioned custom and practice of the City and the NYPD include, but are not limited to, prosecuting individuals unlawfully stopped or arrested by PDPS Special Patrolmen without probable cause, or by NYPD policemen as informed by PDPS Special Patrolmen, resulting from a failure to properly train and supervise policemen and PDPS Special Patrolmen or institute effective oversight mechanisms, and a failure to investigate, prevent, and discipline the ongoing Constitutional violations and excessive force exercised by PDPS Special Patrolmen.

85. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as enumerated in paragraphs 67 and 68.

86. All of the foregoing acts by Defendants deprived the Plaintiff of federally protected rights, including, but limited to, the constitutional rights enumerated in paragraphs 67 and 68.

87. Defendant City knew or should have known that the acts alleged herein would deprive the Plaintiff of his rights, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

88. The misconduct detailed above was also the result of an institutional police, practice, and/or custom of Defendant City whereby NYPD officers responding to scenes such as that described above are discouraged from making further inquiry or investigation prior to arresting a subject other than receiving information from PDPS or PDPS Special Patrolmen,

which is given undue deference.

89. Further, the misconduct detailed above was also the result of institutional polices, practices, and/or customs of Defendants City and the PNC to purposefully overlook and/or actively abet the unconstitutional conduct of PDPS and its Special Patrolmen in the community of Parkchester in the County of the Bronx in the State of New York.

90. Defendant City authorized and tolerated as institutionalized practices, and ratified the misconduct detailed above, by failing to take adequate precautions in the supervision and/or training of police personnel and PDPS Special Patrolmen, including the individual Defendants.

91. Defendant City's policies and customs, and failure to supervise and/or train its employees, police officers, and Special Patrolmen, including individual Defendants, rose to the level of deliberate indifference to the consequences of its actions, and indifference to Plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, Plaintiff's Fourth and Fourteenth Amendment rights.

92. Defendant City is directly liable and responsible for the acts of the individual Defendants because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulation of the City and NYPD, and to require compliance with the Constitution and laws of the United States.

93. Despite knowledge of such unlawful de facto policies, practices and/or customs, these supervisory and policy-making officers and officials of the NYPD and the City, including Commissioner William Bratton and former-Commissioner Raymond Kelly, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who

engage in such polices, practices and/or customs, or otherwise properly train police officers and PDPS Special Patrolmen with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or customs upon the constitutional rights of persons in the City of New York.

94. The aforementioned City policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and PDPS Special Patrolmen and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned City policies, practices and/or customs, the individual Defendants felt empowered to exercise unreasonable and wholly unprovoked force against Plaintiff, arrest Plaintiff without probable cause and then fabricate and swear to a false story to cover up their blatant violations of Plaintiff's constitutional rights. Pursuant to the aforementioned City policies, practices and/or customs, Defendants failed to intervene in or report other Defendants' violation of Plaintiff's rights or subsequent perjury.

95. Plaintiff's injuries were a direct and proximate result of the Defendant City and the NYPD's wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the Defendant City and the NYPD to properly supervise, train and discipline their police officers and PDPS Special Patrolmen.

96. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of the Plaintiff's constitutional rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants as follows:

i.       an order awarding compensatory damages in an amount to be determined at trial;

ii.      an order awarding punitive damages in an amount to be determined at trial;

iii.     reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.      directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       February 24, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*


/S/
By:     JESSICA MASSIMI (JM-2920)
        32 Old Slip, 8th Floor
        New York, New York 10005
        (212) 962-1020

18